**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 5 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

RAYMOND C. LOFTON,

       Debtor.

RAYMOND C. LOFTON, ESTATE
OF BETTY LOFTON, and MIKE
LOFTON,

       Appellants,

v.

BANK OF INOLA,

       Appellee.

No. 98-5216
(D.C. No. 97-CV-735-BU)
(N.D. Okla.)

ORDER AND JUDGMENT [*]

Before **BALDOCK**, **BARRETT**, and **McKAY,** Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Raymond C. Lofton, the Estate of Betty Lofton, and Mike Lofton appeal from an order of the district court affirming the bankruptcy court's denial of their motion for a new trial. We affirm.

In 1983, the Loftons (Raymond, his wife Betty, and their son, Mike) obtained a loan from the Bank of Inola. That loan included a single premium decreasing term life insurance policy on Mike Lofton payable to the Bank should he die. In 1985, the Loftons renewed and extended the loan. A credit life insurance policy was issued. In 1986, the loan was again extended. At that time, the Loftons had the option of terminating and renewing the existing credit life insurance policy or keeping the existing policy in place. The Loftons opted to keep the 1985 policy in place.

Betty Lofton died in 1993. The current dispute then arose. The defendant bank maintained that the credit life insurance policy was issued on the life of Mike Lofton. The Loftons contended that the policy was to pay off the loan in the event of the death of any one of the three Loftons. Raymond Lofton subsequently filed for Chapter 13 bankruptcy. The Bank filed a secured claim

against the estate. Mr. Lofton, in conjunction with the additional plaintiffs, the Estate of Betty Lofton and Mike Lofton, thereafter commenced this adversary proceeding against the named defendants asking that the Bank's claim be disallowed and seeking damages from all defendants.

The Loftons reached a settlement with defendants Integrity Life Insurance Co. and Shelter Insurance Co. After a trial to the bench, the bankruptcy court determined that the credit life insurance policy issued in conjunction with the third loan was ambiguous. The court considered extrinsic evidence and held that the policy was intended to cover only Mike Lofton, not Betty Lofton. The court dismissed the adversary action thus allowing the Bank's claim against the estate.

The Loftons filed an appeal f rom the bankruptcy court's order denying their motion for a new trial. The district court held that the bankruptcy court ruled correctly. The Loftons appeal that ruling.

On appeal, the Loftons argue that the district court (1) erred in affirming the bankruptcy court's finding that the insurance policy was ambiguous; (2) should not have countenanced the bankruptcy court's reliance on the extrinsic evidence the Bank presented; (3) should have determined that the bankruptcy court erred in refusing to hear their claims for breach of fiduciary duty, negligence, fraud and in denying them a jury trial; and (4) should have remanded

for entry of judgment in favor of them on their breach of fiduciary duty, negligence, and fraud claims.

The appellees contend that the Loftons have waived all the issues raised on appeal because they were not raised in the motion for a new trial. However, "an appeal from the denial of a Rule 59[ [1] ] motion will be sufficient to permit consideration of the merits . . ., if the appeal is otherwise proper, the intent to appeal from the final judgment is clear, and the opposing party was not misled or prejudiced." Artes-Roy v. City of Aspen, 31 F.3d 958, 961 n.5 (10th Cir. 1994) (quotation omitted). The Loftons' appeal meets these criteria.

The Loftons raise several corollary issues to support their arguments. However, they have failed to identify where they raised these issues to the district court. See 10th Cir. R. 28.2(c); see also Jetcraft Corp. v. Flight Safety Int'l, 16 F.3d 362, 366 (10th Cir. 1993) (appellant has burden of providing statement in brief indicating where issue was raised to and ruled upon by district court). Further, the Loftons have only included the district court's order and not their brief to that court. Therefore, we can only address those arguments that we can determine were presented to the district court as identified by that court in its order denying relief. See Walker v. Mather (In re Walker), 959 F.2d 894, 896

---

[1] With exceptions not pertinent here, Fed. R. Civ. P. 59 applies in bankruptcy cases. See Fed. R. Bankr. 9023.

(10th Cir. 1992) (generally appellate court will not consider issue raised for first time on appeal).

On appeal, "[w]e review the district and bankruptcy courts' legal determinations *de novo* and the bankruptcy court's factual findings for clear error." IRS v. Craddock (In re Craddock), 149 F.3d 1249, 1255 (10th Cir. 1998). We review the trial court's denial of a motion for new trial for an abuse of discretion. See Lowell Staats Mining Co. v. Philadelphia Elec. Co., 878 F.2d 1271, 1275 (10th Cir. 1989).

The Loftons argue that the insurance policy is not ambiguous. The determination of whether a contract is ambiguous is a question of law. See Lyon Dev. Co. v. Business Men's Assurance Co., 76 F.3d 1118, 1122 (10th Cir. 1996). This determination is made by "examining whether, without reference to extrinsic evidence, the agreement on its face is reasonably susceptible of more than one interpretation." Id. (quotation omitted). Once a contract is determined to be ambiguous, "any interpretation of the ambiguous documents using extrinsic evidence is reviewed under the clearly erroneous standard." Reese Exploration, Inc. v. Williams Natural Gas Co., 983 F.2d 1514, 1519 (10th Cir. 1993).

The policy statement showed a premium was paid for one person, while all three Loftons signed the statement as "Maker." See Appellant's App., tab 4. The policy did not specifically identify which "Maker" was covered by the policy. We

agree that, as a matter of law, an ambiguity exists. Therefore, the bankruptcy court properly considered extrinsic evidence. We have reviewed the record as contained in the parties' appendices. We cannot say that the bankruptcy court erred in concluding that the extrinsic evidence showed that the policy was issued only on the life of Mike Lofton.

The Loftons contend that the bankruptcy court should not have relied on the extrinsic evidence presented by the Bank. They have not shown where they raised this issue below, and we will not address it here. See supra, page 4.

Next, the Loftons argue that the district court should have determined that the bankruptcy court erred in refusing to hear their claims for breach of fiduciary duty, negligence, fraud, and in denying them a jury trial. The only issue the district court considered is whether the bankruptcy court erred in denying the noncontract claims. The second amended complaint shows that the Loftons failed to properly allege their noncontract claims against the Bank. Thus, the bankruptcy court committed no reversible error in refusing to hear those claims.

We have reviewed the Loftons' motion for new trial and the bankruptcy court's order denying relief and see no abuse in the court's determination.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge